**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | July 19, 2017 | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

Ariel Barel
114 Warbler Drive
Wayne, NJ 07470
*Pro Se Plaintiff*

Aaron M. Bender, Esq.
Diane A. Bettino, Esq.
Reed Smith, LLP
Princeton Forrestal Village
Princeton, NJ 08540
*Attorneys for Defendant Green Tree Servicing, LLC also known as Ditech Financial, LLC*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT GRANTING DEFENDANT'S MOTION TO DISMISS**

    Re:    Barel v. Green Tree Servicing, LLC et al, Civil Action No. 16-cv-08880-SDW-LDW

Litigants:

    Before this Court is Defendant Green Tree Servicing, LLC's Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 7.)

**FACTUAL AND PROCEDURAL BACKGROUND**

    Pro se plaintiff Ariel Barel ("Plaintiff") owns the subject property located at 114 Warbler Drive, Wayne, New Jersey. (Compl. ¶ 11.) On March 8, 2006, Karen Barel, Plaintiff's "wife at the time," (Compl. ¶ 25), executed to Atlantic Stewardship Bank, its successors and/or assigns, a promissory note in the amount of $255,000. (Dkt. No. 10-1 at 4.) To secure payment, Plaintiff and

1

Karen Barel executed a Mortgage to Atlantic Stewardship Bank, its successors and/or assigns, on the same date. (*Id.*) Also on March 8, 2006, Atlantic Stewardship Bank, its successors and/or assigns, assigned the mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), its successors and assigns, as nominee for GMAC Bank, its successors and assigns. (*Id* at 5.) MERS subsequently assigned the mortgage first to GMAC Mortgage, LLC, its successors and assigns, on September 19, 2008, and then to Defendant on June 13, 2014. (*Id*. at 5-6.) As the June 13, 2014 assignment was out of the chain of title, GMAC Mortgage, LLC, "by its attorney in fact Green Tree Servicing LLC.," assigned the mortgage to Defendant on August 14, 2015. (*Id*. at 6.)

On November 26, 2014, Defendant filed a foreclosure action against Plaintiff and Karen Barel in the Superior Court of New Jersey, Chancery Division, Passaic County ("State Foreclosure Action"). (*Id.* at 7.) Plaintiff subsequently filed an Answer, Counterclaim, and Third-Party Complaint in the State Foreclosure Action. (*Id*.) The State Court then granted Defendant's Motion to Dismiss Plaintiff's Counterclaims on August 19, 2015. (*Id*.) In addition, after conducting a trial in the State Foreclosure Action, the State Court held, on January 9, 2017, that Defendant had standing to foreclose, that the mortgage at issue was valid and enforceable, and that Plaintiff had defaulted on the mortgage payments as of January 1, 2009. (*Id*. at 6-11.)

On November 30, 2016, Plaintiff filed the instant Complaint against Defendant. Plaintiff contends that he sent a note of rescission to Defendant on April 6, 2015, which he claims rescinded the March 8, 2006 note and mortgage pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 (Compl. ¶¶ 6, 18-19.) In addition, Plaintiff contends, as he did in the State Foreclosure Action, that the mortgage "was never consummated." (*Id.* ¶ 18.) Accordingly, Plaintiff requests that this Court "enforce the steps after rescission under" TILA and seeks, *inter alia*, declaratory relief and monetary damages. (*Id*. ¶¶ 22-57.)

**LEGAL STANDARD**

*Motion to Dismiss*

A defendant may move to dismiss a complaint for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) by challenging jurisdiction facially or factually. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject-matter jurisdiction "considers a claim on its face and asserts that it is insufficient to invoke the subject-matter jurisdiction of the court because, for example, it does not present a question of federal law . . . ." *Id*. at 358. In contrast, a factual challenge "is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id*. Drawing this distinction is important because it "determines how the pleading must be reviewed." *Id*. at 357-58 (citing *In re Schering Plough Corp. Intron,* 678 F.3d 235, 243 (3d Cir. 2012)). In analyzing a facial challenge, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto . . . ." *Constitution Party of Pennsylvania*, 757 F.3d at 348 (citing *In re Schering Plough Corp. Intron,* 678 F.3d at 243). Whereas in considering a factual challenge to subject-matter jurisdiction, the court "may look beyond the pleadings to ascertain the facts." *Constitution Party of Pennsylvania*, 757 F.3d at 348. Furthermore, in considering a factual challenge to subject matter jurisdiction, "the plaintiff's allegations enjoy no presumption of truthfulness, and [the plaintiff] bears the burden of establishing jurisdiction." *Meehan v. Taylor*, No. CIV. 12-4079, 2013 WL 4517943, at *2 (D.N.J. Aug. 26, 2013) (first citing *CNA v. United States,* 535 F.3d 132, 139 (3d Cir. 2008); then citing *Mortensen v. First Fed. Sav. Loan Ass'n.,* 549 F.2d 884, 891 (3d Cir. 1977)).

In considering a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable

to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."' *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "'that the pleader is entitled to relief'" as required by Rule 8(a)(2). *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

According to the Supreme Court in *Twombly*, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555 (second alteration in original) (internal citations omitted) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Third Circuit summarized the *Twombly* pleading standard as follows: "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (alterations in original) (quoting *Twombly*, 550 U.S. at 556).

## **DISCUSSION**

### *Plaintiff's claims are barred by the New Jersey Entire Controversy Doctrine*

Plaintiff's claims are barred by the entire controversy doctrine. "The entire controversy doctrine 'embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court . . .' " *Arab African Intern. Bank v. Epstein*, 10 F.3d 168, 171 (3d Cir.

4

1993) (citing *Cogdell v. Hospital Center at Orange*, 116 N.J. 7, 560 A.2d 1169, 1172 (1989)). The entire controversy doctrine "requires adversaries to join all possible claims stemming from an event or series of events in one suit." *See Paramount Aviation Corp. v. Agusta*, 178 F.3d 132 (3d Cir. 1999). Similar to res judicata, the entire controversy doctrine is an affirmative defense, and it applies in federal courts "when there was a previous state-court action involving the same transaction." *Bennun v. Rutgers State University,* 941 F.2d 154, 163 (3d Cir. 1991).

Here, all of Plaintiff's claims relate to the pending State Foreclosure Action. (*See* Bender Cert., Ex. A, C, D, F; Dkt. No. 10-1.) Plaintiff's claims arise from the same underlying set of operative facts, which involve defaulting on the mortgage at issue. Plaintiff's claims could have been asserted in the state matter, rather than in a separate action. Moreover, "[a] claim that the mortgage transaction 'was not consummated' or that the mortgage has been rescinded obviously bears direct [sic] on the merits of the mortgage foreclosure itself." *Otto v. Wells Fargo Bank, N.A.*, No. 15-CV-8240 (KM)(MAH), 2016 WL 8677313, at *8 (D.N.J. July 15, 2016), *aff'd,* No. 16-3385, 2017 WL 2364377 (3d Cir. May 31, 2017). Therefore, as Plaintiff's claims arise out of the mortgage that is the basis of the State Foreclosure Action, those claims are now barred by the entire controversy doctrine.

### *Plaintiff's claims are barred by the Younger Abstention Doctrine*

Plaintiff's claims are also barred by the Younger abstention doctrine. The Younger abstention doctrine states that a federal court must not exercise jurisdiction when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010). As previously discussed, there

is an ongoing State Foreclosure Action that either addressed, or could have addressed all of Plaintiff's loan-related claims. As such, Plaintiff is barred from pursuing his claims in this Court.

*Failure to state a claim*

Even if Plaintiff's assertions against Defendant were not barred for the aforementioned reasons, to the extent Plaintiff seeks monetary damages and/or rescission under TILA, those claims are untimely. As discussed above, Plaintiff sent a note of rescission to Defendant on April 6, 2015, which Plaintiff contends rescinded the March 8, 2006 note and mortgage pursuant to the 15 U.S.C. § 1635 (Compl. ¶¶ 6, 18-19.) However, a claim for monetary damages under TILA must be brought within one year of the loan closing. *See* 15 U.S.C. § 1640(e). In addition, a request for rescission must be made within three years. *See Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791, 190 L. Ed. 2d 650 (2015). Accordingly, Plaintiff's damages claim expired in 2007 and his rescission claim expired in 2009.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:        Clerk
cc:          Leda D. Wettre, U.S.M.J.
              Parties